IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEXTER SCOTLAND,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 1:CV-09-00826 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **JANINE DONATE,** | : | |
| | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Petitioner Dexter Scotland ("Scotland"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the Lackawanna County Prison in Scranton, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 1, 2009. (Doc. 1.) Scotland is challenging his continued detention pending his removal proceedings. For the reasons that follow, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

## **I.  Background**

On November 18, 1976, Scotland, a native and citizen of Antigua, entered the United States as a non-immigrant visitor for pleasure at the age of six-months. (Doc. 5-2, Ex. 4, Record of Determination/Reasonable Fear Worksheet, 16.)

On April 28, 2000, Scotland pleaded guilty to a charge of Attempted Sale of a Controlled Substance in the Third Degree in the Supreme Court of the State of New York, Bronx County, New York. (*Id*.) He was sentenced to a term of imprisonment of six months and five years of probation. (*Id*.) On March 27, 2003, Scotland was sentenced to an additional term of imprisonment of one year on this conviction for a probation violation. (*Id*.)

On September 20, 2004, Scotland pleaded guilty to a charge of Criminal Possession of Marijuana in the Fifth Degree in the Criminal Court of the City of New York, Bronx County, New York. (*Id*.) He received a conditional discharge for one year and had his license suspended for six months. (*Id*.)

On September 25, 2005, Scotland pleaded guilty to another charge of Criminal Possession of Marijuana in the Fifth Degree in the Criminal Court of the City of New York, Bronx County, New York. (*Id*.) Again he received a conditional discharge for one year and had his license suspended for six months. (*Id*.)

On May 14, 2008, the Department of Homeland Security ("DHS") issued a Notice of Intent to Issue a Final Administrative Removal Order, Form I-851, informing Scotland that he was subject to removal under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as

amended, because he had been convicted of an aggravated felony. (Doc. 5-2, Ex. 2.) On June 10, 2008, a Final Administrative Removal Order was signed and served on Scotland on June 28, 2008. (Doc. 5-2, Ex. 3.) The Final Removal Order found Scotland deportable as charged and ordered that he be removed from the United States to Antigua. (*Id*.)

Thereafter, Scotland filed an application for asylum with ICE, alleging a reasonable fear of persecution or torture in Antigua. (*See* Doc. 5-2, Ex. 4.) On January 7, 2009 and March 5, 2009, ICE conducted interviews with respect to Scotland's application. (*Id*. at 16.) From these interviews, ICE found that Scotland did not want to return to Antigua because he feared being harmed by a person who wanted to harm his father because of political activities. (*Id*. at 17.) However, Scotland had little specific information on his father's activities, and was unable to produce evidence to substantiate that his father had problems relating to his political activities. (*Id*.) Further, the supporting document Scotland produced, purportedly signed by his father, appearing to be forged. (*Id*.) ICE also noted that when Scotland was interviewed in May 2008, the only fear he mentioned in returning to Antigua was that he did not know anyone there. (*Id*.) As a result, ICE found Scotland to be not credible and not to have a reasonable fear of persecution if he were returned to

Antigua, and denied his request for asylum. (*Id*. at 15.) This determination was approved by the supervisory asylum officer on March 19, 2009. (*Id*.) On March 31, 2009, Scotland signed the Record of Negative Reasonable Fear Finding and Request for Review by Immigration Judge, indicating that he did not request review by an Immigration Judge ("IJ") of the decision that he does not have a reasonable fear of persecution or torture. (*Id*. at 12.)

The record indicates that ICE took custody of Scotland on May 15, 2008. (*Id*. at 14.) Respondents claim that Scotland is scheduled to have a post-order custody review on or about June 15, 2009. (Doc. 6, Leo Kolshorn Decl. ¶ 8.)

Scotland filed the instant petition on May 1, 2009. (Doc. 1.) In the petition, Scotland indicates that, to date, ICE has been unable to remove him to Antigua. (*Id*. at 3-4.) He represents that he would not pose a threat to society and is not a flight risk. (*Id*. at 3-6.) He argues that, even with exclusion of the time period for which he sought asylum from ICE, his continued detention is unconstitutional. (*Id*. at 7-8.) He is seeking release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001).

On May 7, 2009, an order to show cause was issued, directing Respondent to respond to the petition. (Doc. 4.) Respondent filed a response on May 27, 2009.

(Doc. 5.) A supplemental response was filed on May 29, 2009. (Doc. 6.) Scotland filed his traverse on June 10, 2009. (Doc. 7.) This matter is now ripe for disposition.

**II.** **Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id*. at 701. If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been

5

determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Following *Zadvydas*, regulations were promulgated to meet the criteria established by the United States Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonable foreseeable future. 8 C.F.R. § 241.13(d)(1).

In the instant case, the mandatory detention period has expired, and the record indicates that a custody file review has not been completed. Jurisdiction to make a determination concerning Scotland's custody now lies with the district director. *See* 8 C.F.R. § 241.4(c)(1), (h). It does not appear that the district director has conducted a

custody review. Consequently, ICE will be ordered to treat the petition as a request for release under 8 C.F.R. § 241.13. ICE shall respond to the request within thirty days.

Having referred the issue of release to the government for disposition under existing review procedures, Scotland's petition will be denied.

An appropriate order will issue.

                                                        s/Sylvia H. Rambo
                                                    United States District Judge

Dated: June 18, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEXTER SCOTLAND,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 1:CV-09-00826 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **JANINE DONATE,** | : | |
| | : | |
| Respondent | : | |

## O R D E R

**AND NOW**, this 18th day of June, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13. ICE shall provide Petitioner with a response to his request within thirty (30) days.

2) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

3) The Clerk of Court is directed to **CLOSE** this case.

                                                    s/Sylvia H. Rambo
                                                United States District Judge